UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO WARREN, JR., | No.  2:25-cv-2242 CSK P |
| Plaintiff, | ORDER |
| v. | |
| DEPUTY D. RIOS, et al., | |
| Defendants. | |

      Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges that on June 2, 2025, defendants D. Rios, J. Perez, and Ruiz #624 used excessive force against plaintiff by hitting him in the head with their closed fists, not to restore order, but to intentionally cause plaintiff harm.  (ECF No. 1 at 6.)  After plaintiff was pinned to the ground and deputies had plaintiff's arms under control, defendant A. Gutierrez used his taser on plaintiff, meaning to cause plaintiff harm.  (Id.)  Plaintiff alleges that all of these uses of excessive force were viewed by defendant H. Delgadillo, who did nothing to stop the other defendants or to restore order himself.  (Id.)  As a result, plaintiff suffered nerve damage in his ring finger, sharp pain in the right side of his chest, back pain, abnormal jaw functioning, swelling to his head, and a gash in his left shoulder.  (Id.)

In his second claim, plaintiff alleges he is a large man and needed proper clothing.  (Id. at 7.)  Laundry is passed out twice a week, and he told "laundry staff" every week that he needed proper clothes.  For "roughly sixty-seven" days, plaintiff was denied all clothing from laundry.  Plaintiff alleges he wasn't provided clothing until 20 days after he filed his first grievance.  (Id.)  Plaintiff names "MC" as the laundry staff who deprived plaintiff of his clothing.  Plaintiff claims he did not sustain a physical injury, but suffered "mental/emotional distress and anguish."  (Id.)

In his third claim, plaintiff alleges that in March 2025, until the last week of April 2025, plaintiff's cell was repeatedly subjected to massive flooding from inmates' showering off filth, urine and fecal buildup.  (Id. at 8.)  Plaintiff alleges that every housing deputy in "D" viewed the flooding, which went off and on over thirty days, but only offered plaintiff a towel to slow down the flooding.  As a result, plaintiff suffered mental/emotional distress.

Plaintiff seeks money damages.

///

III.    DISCUSSION

    A.   Claim One

"[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992). "Pretrial detainees, whether or not they have been declared unfit to proceed, have not been convicted of any crime. Therefore, constitutional questions regarding the circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment." Trueblood v. Wash. State Dep't of Soc. & Health Servs., 822 F.3d 1037, 1043 (9th Cir. 2016) (citation, internal quotation marks, and alterations omitted); see also Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."); Byrd v. Maricopa Cnty. Bd. of Supervisors, 845 F.3d 919, 924 n.2 (9th Cir. 2017) (The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees.).

The Fourteenth Amendment prohibits the excessive use of force and maltreatment that amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 535, 539 (1979); Kingsley v. Hendrickson, 576 U.S. 389 (2015). In Kingsley, 576 U.S. at 397, the United States Supreme Court "rejected the notion that there exists a single 'deliberate indifference' standard applicable to all § 1983 claims, whether brought by pretrial detainees or by convicted prisoners." Castro v. County of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016).

The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

    (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

    (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

    (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and

4

(4) By not taking such measures, the defendant caused the plaintiff's injuries. Castro, 833 F.3d at 1071 (footnote omitted). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. Id. (citing Castro, 833 F.3d at 1071 (citing Kingsley, 576 U.S. at 396-97)).

Here, plaintiff's complaint states potentially cognizable excessive force claims against defendants D. Rios, J. Perez, Ruiz #624, and A. Gutierrez, and a potentially cognizable failure to protect claim against defendant H. Delgadillo. Plaintiff should renew these claims in an amended complaint.

### B. Claims Two and Three

As presently pled, plaintiff's second and third claims are not cognizable.

A pretrial detainee has a right, pursuant to the Due Process Clause of the Fourteenth Amendment, to be free from punishment prior to an adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 (1979). "[P]re-trial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), overruled on other grounds, Marley v. United States, 548 F.3d 1286 (9th Cir. 2008) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). To support a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).[1]

---

[1] Before Gordon issued, "all conditions of confinement claims were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." Gordon, 888 F.3d at 1122-23 (citing Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). It does

5

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. Id. That said "a de minimis level of imposition" is insufficient to rise to the level of a constitutional violation. Bell, 441 U.S. at 539 n.21. Further, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

### 1. Plaintiff's Second Claim

Plaintiff claims that every week he brought to laundry staff's attention that he was not getting the proper clothing. (ECF No. 1 at 7.) But plaintiff does not attribute any of the allegations in his second claim to defendant "MC." In addition, plaintiff failed to address each element of a claim under Gordon, 888 F.3d at 1125. Plaintiff fails to allege that any named defendant made an intentional decision to subject plaintiff to the lack of proper clothing and failed to take reasonable available measures to abate a substantial risk of serious harm to plaintiff. Plaintiff identifies no physical harm he sustained as a result of his inability to obtain proper clothing. Finally, plaintiff is cautioned that naming the responsible defendant as "MC" will likely cause difficulties in accomplishing service of process on that defendant.

### 2. Plaintiff's Third Claim

As with the second claim, plaintiff fails to allege facts in his third claim that meet all of the elements required under Gordon, 888 F.3d at 1125. Plaintiff does not link any of his allegations regarding the alleged flooding conditions to any named defendant. Plaintiff does not allege that any named defendant made an intentional decision to subject him to the flooding conditions and failed to take reasonable available measures to abate a substantial risk of serious

---

not appear the Ninth Circuit has expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure to protect, and excessive force claims, though decision in Gordon suggests it will. See Gordon, 888 F.3d at 1120, 1124, and 1124 n.2 (citing Darnell v. Pineiro, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

harm to plaintiff. In addition, plaintiff claims that the flooding was "off and on," and although he claims it went on longer than 30 days, he does not specifically quantify how often it took place. Finally, plaintiff identifies no physical harm he sustained as a result of his exposure to the shower water.

### 3. Conclusion

Because plaintiff's second and third claims fail to state cognizable claims, they are dismissed without prejudice.

## IV.    MISJOINED CLAIMS

Finally, plaintiff's three claims are not properly raised in the same action. Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, plaintiff's claims arose from three different incidents involving different defendants, and therefore are not properly joined in one action.

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes

of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).  Here, because the unrelated claims are based on recent incidents that took place this year, 2025, plaintiff will not be prejudiced by their dismissal without prejudice from this action.  Plaintiff may pursue such claims in separate, timely actions.  See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

Because plaintiff states potentially cognizable excessive force and failure to protect claims against named defendants, and his other two claims are not cognizable, plaintiff should amend his complaint to pursue the cognizable claims.

V.  LEAVE TO AMEND

Accordingly, plaintiff's complaint must be dismissed.  However, the Court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

///

function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     ORDERS

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Stanislaus County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 30, 2025

                                    CHI SOO KIM
                                    UNITED STATES MAGISTRATE JUDGE

/1/warr2242.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO WARREN, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPUTY D. RIOS, et al.,<br><br>   Defendants. | No.  2:25-cv-2242 CSK P<br><br><br>NOTICE OF AMENDMENT |

   Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff