UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO WARREN, JR., | No. 2:25-cv-2242 CSK P |
| Plaintiff, | ORDER |
| v. | |
| DEPUTY D. RIOS, et al., | |
| Defendants. | |

Plaintiff, a pretrial detainee, proceeds pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed September 30, 2025, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed a first amended complaint.

I.   PLAINTIFF'S ALLEGATIONS

In his first amended complaint, plaintiff alleges the following. On or about June 2, 2025, while plaintiff was housed in the west facility of the Stanislaus County Public Safety Center, defendants D. Rios, J. Perez, Ruiz, #624, A. Guttierrez, and H. Delgadillo, all Stanislaus County Sheriff's Deputies, used excessive force against plaintiff in violation of his Fourteenth Amendment rights. (ECF No. 8.) Following officers' searches of other cells, plaintiff was asked to exit his cell. (Id. at 5.) Plaintiff exited, taking his laundry to exchange, and had two unpleasant verbal encounters with defendants D. Rios and J. Perez over plaintiff's laundry and bedding,

during which D. Rios threw plaintiff's bed sheets off the tier. (Id.) After plaintiff obtained new sheets, he returned to his cell, and showed J. Perez the laundry plaintiff wished to exchange. J. Perez became hostile and snatched plaintiff's clean laundry from his hands. Plaintiff begged for the return of his laundry, at which point plaintiff was told to get in his cell and change his clothes. (Id.) Defendant J. Perez then told plaintiff to submit to a strip search. Plaintiff told J. Perez that he was degrading, humiliating and intimidating plaintiff. While plaintiff and J. Perez were arguing, D. Rios returned, and both officers demanded plaintiff cuff up. Plaintiff asked for a different officer to be called in to restore order and de-escalate the situation. The officers called for additional backup, during which plaintiff became irritated and started cussing. More officers arrived and Officer Demetri yelled, "I'll handle the situation," and plaintiff began to yell, "Someone else please cuff me!" (Id.) Before Officer Demetri was able to approach, defendant Ruiz shoved plaintiff against his cell door and hit plaintiff with a closed fist punch to plaintiff's face and head, multiple times, damaging plaintiff's glasses and religious headwear. (Id. at 5.) Defendants D. Rios and J. Perez joined in, also throwing punches to plaintiff's head and face area. (Id.) Plaintiff went to the ground. Defendants Ruiz, D. Rios, J. Perez and A. Gutierrez had plaintiff pinned to the ground, and had control of plaintiff's body. Defendant Gutierrez ordered plaintiff to put his hands behind his back, and plaintiff responded that he could not move. (Id.) An unidentified deputy tasered plaintiff, who passed out.

During this incident, defendant H. Delgadillo just watched without trying to restore order. (Id.) As a result, plaintiff suffered chronic back pain, nerve damage to his ring finger, abnormal jaw functioning, head swelling, a gash in his left shoulder, sharp pain in the right side of his chest, emotional distress, mental anguish, and pain and suffering. (Id. at 6.) Plaintiff seeks money damages. (Id. at 7.)

II.     DISCUSSION

The Court reviewed plaintiff's first amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claims against defendants D. Rios, J. Perez, and Ruiz, #624 for the use of excessive force, and defendant H. Delgadillo for his failure to protect plaintiff, in violation of the Fourteenth Amendment. See 28 U.S.C. § 1915A.

The Court finds that the first amended complaint does not state a cognizable claim against defendant A. Guttierrez. Plaintiff alleges only that defendant A. Guttierrez was one of the deputies that "had plaintiff pinned to the ground," and told plaintiff to put his hands behind his back. (ECF No. 8 at 5.) These allegations do not demonstrate defendant A. Gutierrez used excessive force, or that defendant A. Guttierrez acted with a culpable state of mind. The claim against this defendant is dismissed with leave to amend.

III.    PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants D. Rios, J. Perez, Ruiz, #624, and H. Delgadillo, and pursue claims against only those defendants or plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendant A. Guttierrez. If plaintiff elects to proceed forthwith against defendants D. Rios, J. Perez, Ruiz, #624, and H. Delgadillo, against whom he stated potentially cognizable claims for relief, then within thirty days plaintiff must so elect on the appended form. In this event the Court will construe plaintiff's election as consent to dismissal of the putative claim against defendant A. Guttierrez without prejudice. Under this option, plaintiff does not need to file a second amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendant A. Guttierrez. If plaintiff elects to attempt to amend to state a cognizable claim against defendant A. Guttierrez, plaintiff has thirty days to do so. Plaintiff is not granted leave to add new claims or new defendants.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading and other amended complaints are superseded.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The claim against defendant A. Guttierrez is dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

2. The allegations in the first amended complaint are sufficient at least to state potentially cognizable claims against defendants D. Rios, J. Perez, Ruiz, and #624 for the use of excessive force, and against defendant H. Delgadillo for the failure to protect plaintiff. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the

attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

    3. Failure to comply with this order will result in a recommendation that defendant A. Guterrez be dismissed from this action.

Dated: October 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/warr2242.14o

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALONZO WARREN, JR., | No. 2:25-cv-2242 CSK P |
|---|---|
| Plaintiff, | NOTICE OF ELECTION |
| v. | |
| DEPUTY D. RIOS, et al., | |
| Defendants. | |

Plaintiff elects to proceed as follows:

_____  Plaintiff opts to proceed with his claims against defendants D. Rios, J. Perez, Ruiz, #624, and H. Delgadillo.  Under this option, plaintiff consents to dismissal of the noncognizable claim against defendant A. Guttierrez without prejudice.

**OR**

\_\_\_\_\_  Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
Plaintiff

1