UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO WARREN, JR.,

Plaintiff,

v.

DEPUTY D. RIOS, et al.,

Defendants.

No.  2:25-cv-2242 TLN CSK P

ORDER

Plaintiff is a county jail inmate proceeding pro se in an action brought under 42 U.S.C. § 1983.  This action proceeds on plaintiff's first amended complaint raising excessive force claims against defendants D. Rios, J. Perez, and Ruiz, and a failure to protect claim against defendant H. Delgadillo in violation of the Fourteenth Amendment arising on or about June 2, 2025.  (ECF No. 8.)  Plaintiff has filed multiple documents, which this Court addresses below.

I.       Motion for Medical Records and Request for Subpoena

Plaintiff asks the Court for authorization to subpoena his medical records from Wellpath, who provides medical care to Stanislaus County jail inmates.  (ECF No. 30 at 1.)  Plaintiff attempted to obtain the records directly from jail medical staff who refused, and his request for production of documents from defendants was denied because defendants erroneously claimed it would not lead to admissible evidence.  (ECF No. 32 at 1.)  Plaintiff contends that he sought medical care following the June 2, 2025 incident, and the medical records will demonstrate that

1

his injuries were more than de minimis.  (Id.)  Plaintiff seeks his medical records from June 2, 2025, to the present, including x-rays of his jaw and back, and EKG readings.  (ECF No. 30 at 1.) Plaintiff also states that when he complained of blurry vision and head pain, two custody staff took separate photos of plaintiff's injuries.  (ECF No. 32 at 1.)

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may command production of documents.  As this district court has noted,

> [t]he court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), '[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court,' Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the nonparty in providing the requested information. Fed. R. Civ. P. 26, 45.  A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.

Alexander v. Dept. of Corrections, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010).

Here, plaintiff has made a sufficient showing of relevance and clearly identified the documents sought.  Because defendants are county deputies, the Court is satisfied that plaintiff's medical records are obtainable only through a third party, Wellpath.  Therefore, the Court grants plaintiff's motion for subpoena.  Plaintiff is proceeding in forma pauperis and is entitled to have a U.S. Marshal effect service of any subpoena duces tecum issued by the court, 28 U.S.C. § 1915(d), as set forth below.

II.      Supplemental Complaint

On April 28, 2026, plaintiff filed a document styled, "Supplemental Complaint," in which he purports to add a putative retaliation claim against new defendants, a "Captain," M. Johnson, and B. Williams.  (ECF No. 31.)  To the extent plaintiff seeks to amend his operative pleading, he is advised that once an answer has been filed, he may amend his pleading only by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a)(2).  An answer was filed on February 23, 2026.  (ECF No. 25.)  Plaintiff did not file a motion to amend or a stipulation to amend the complaint signed by all parties.  Plaintiff's "supplemental complaint" is therefore

stricken, and this action proceeds on plaintiff's first amended complaint.  (ECF No. 8.)

Further, the putative claims raised in the supplemental complaint are not related to the Fourteenth Amendment claims proceeding herein, and do not involve the defendants named herein.  Thus, as explained in the September 30, 2025 order, plaintiff must bring such claims in a separate lawsuit because they are not properly joined with the claims proceeding in this case.  (ECF No. 5 at 7-8.)

III.    Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

IV.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motions for medical records and for subpoena (ECF Nos. 30, 32) are granted.

2.    The Clerk of Court is directed to issue one blank subpoena and send it, along with copies of the U.S. Marshal's Process Receipt & Return form (USM-285), to plaintiff.

3

3.  Plaintiff shall complete the subpoena and USM-285 form and promptly return it to the Clerk of Court, no later than 21 days from the date of this order.

4.  Upon receipt of the properly completed subpoena and USM-285 form, the Clerk of Court shall deliver the subpoena, the USM-285 form, and a copy of this order, to the U.S. Marshal for service.

5.  Within 20 days of receiving the subpoena, USM-285 form, and a copy of this order, the United States Marshal must personally serve the subpoena and a copy of this order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

6.  Within 10 days after personal service is effected, the United States Marshal must file the proofs of service.

7.  Plaintiff's "supplemental complaint" (ECF No. 31) is stricken.

8.  Plaintiff's motion for the appointment of counsel (ECF No. 33) is denied without prejudice.

Dated:  June 17, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/warr2242.31+

4