UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO WARREN, JR.,<br>Plaintiff,<br>v.<br>D. RIOS, et al.,<br>Defendants. | No. 2:25-cv-2242 TLN CSK P<br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Multiple motions are before the Court.

I. PLAINTIFF'S ALLEGATIONS

In his first amended complaint, plaintiff alleges the following. On or about June 2, 2025, while plaintiff was housed in the west facility of the Stanislaus County Public Safety Center, defendants D. Rios, J. Perez, Ruiz, #624, A. Guttierrez, and H. Delgadillo, all Stanislaus County Sheriff's Deputies, used excessive force against plaintiff in violation of his Fourteenth Amendment rights. (ECF No. 8.) Following officers' searches of other cells, plaintiff was asked to exit his cell. (Id. at 5.) Plaintiff exited, taking his laundry to exchange, and had two unpleasant verbal encounters with defendants D. Rios and J. Perez over plaintiff's laundry and bedding, during which D. Rios threw plaintiff's bed sheets off the tier. (Id.) After plaintiff obtained new sheets, he returned to his cell, and showed J. Perez the laundry plaintiff wished to exchange. J.

Perez became hostile and snatched plaintiff's clean laundry from his hands. Plaintiff begged for the return of his laundry, at which point plaintiff was told to get in his cell and change his clothes. (Id.) Defendant J. Perez then told plaintiff to submit to a strip search. Plaintiff told J. Perez that he was degrading, humiliating and intimidating plaintiff. While plaintiff and J. Perez were arguing, D. Rios returned, and both officers demanded plaintiff cuff up. Plaintiff asked for a different officer to be called in to restore order and de-escalate the situation. The officers called for additional backup, during which plaintiff became irritated and started cussing. More officers arrived and Officer Demetri yelled, "I'll handle the situation," and plaintiff began to yell, "Someone else please cuff me!" (Id.) Before Officer Demetri was able to approach, defendant Ruiz shoved plaintiff against his cell door and hit plaintiff with a closed fist punch to plaintiff's face and head, multiple times, damaging plaintiff's glasses and religious headwear. (Id. at 5.) Defendants D. Rios and J. Perez joined in, also throwing punches to plaintiff's head and face area. (Id.) Plaintiff went to the ground. Defendants Ruiz, D. Rios, J. Perez and A. Gutierrez had plaintiff pinned to the ground, and had control of plaintiff's body. Defendant Gutierrez ordered plaintiff to put his hands behind his back, and plaintiff responded that he could not move. (Id.) An unidentified deputy tasered plaintiff, who passed out.

During this incident, defendant H. Delgadillo just watched without trying to restore order. (Id.) As a result, plaintiff suffered chronic back pain, nerve damage to his ring finger, abnormal jaw functioning, head swelling, a gash in his left shoulder, sharp pain in the right side of his chest, emotional distress, mental anguish, and pain and suffering. (Id. at 6.) Plaintiff seeks money damages. (Id. at 7.)

## II. BACKGROUND

Plaintiff's original complaint was filed on August 8, 2025. (ECF No. 1.) On October 16, 2025, plaintiff filed a first amended complaint. (ECF No. 8.) On February 23, 2026, defendants filed an answer. (ECF No. 25.) On February 27, 2026, the Court issued its discovery and scheduling order; the discovery deadline was set for June 26, 2026. (ECF No. 27.)

On April 28, 2026, plaintiff filed his first supplemental complaint. (ECF No. 31.) The first supplemental complaint was stricken on June 17, 2026. (ECF No. 34.) On June 29, 2026,

plaintiff filed a second supplemental complaint. (ECF No. 36.) On July 8, 2026, plaintiff filed a motion to amend accompanied by his third supplemental complaint. (ECF Nos. 42, 43.)

On June 26, 2026, plaintiff filed a motion to compel discovery. (ECF No. 35.) On June 29, 2026, plaintiff filed a second motion to compel discovery. (ECF No. 37.) On June 29, 2026, plaintiff filed a notice regarding late filings. (ECF No. 38.) On July 3, 2026, defendants filed an opposition to plaintiff's motions to compel discovery. (ECF No. 40.) On July 13, 2026, plaintiff filed objections to defense counsel's declaration. (ECF No. 44.)

On July 8, 2026, plaintiff filed a motion in limine. (ECF No. 41.) On July 20, 2026, plaintiff filed a motion to appoint an expert witness, and a request for jury instruction and jury questionnaire. (ECF Nos. 45, 46.)

## III. MOTIONS TO COMPEL DISCOVERY

### A. The Parties' Positions

In his first motion, filed on the June 26, 2026 discovery deadline, plaintiff states that on April 10, 2026, he asked defendants to produce the Stanislaus County Sheriff adult detention policy, but defendants objected. Plaintiff asks the Court to allow plaintiff to subpoena the following documents he needs to prosecute his action: Stanislaus County Sheriff adult detention policy for use of force, their policy regarding use of tasers in the facility, and the "correctional emergency response team Deputy A. Gutierrez body camera footage at which Sgt. H. Delgadillo said that only deputies above shall wear." (ECF No. 35 at 1.) Plaintiff did not provide a copy of the discovery propounded or a copy of defendants' responses.

In his second motion, plaintiff states that he is seeking to compel additional discovery besides his request dated June 22, 2026. (ECF No. 37 at 1.) Plaintiff claims that the following items will show that defendants failed to conduct themselves as trained: Stanislaus County Sheriff's Department (custodial division) (1) training materials for "cert" deputies and regular deputies; (2) taser records; taser electronic records showing the time of deployment, number of pulls and length of each cycle; (3) taser deployment logs, download reports and cartridge records; (4) specific policy and procedures for taser use, including its use on inmates with mental health issues; and (5) de-escalation manuals in effect on June 2, 2026. (Id.) Plaintiff's second motion is

not dated or signed by plaintiff.[1] (Id.) On June 29, 2026, plaintiff filed a notice regarding issues he is having with jail staff and his legal mail, and noted that any late filing was not intentional on his part. (ECF No. 38.)

On July 3, 2026, defendants filed an opposition to plaintiff's discovery motions, arguing the second motion is untimely. (ECF No. 40 at 1.) Defendants note that plaintiff seeks various policies and procedures from the Stanislaus County Sheriff's Office regarding custodial and use of force issues, which plaintiff timely sought from defendants in April 2026. (Id.) Defendants responded that the Sheriff's Office posts all policies and procedures online and they provided the link to plaintiff in April 2026. (Id.) The newly-requested documents regarding taser deployment were not included in plaintiff's prior discovery request, but defendants state they "are willing to conduct a search for responsive items and provide them to plaintiff if they exist." (Id.)

On July 13, 2026, plaintiff filed a document styled, "Plaintiff['s] Object[ion] to Declaration of Dan Farrar." (ECF No. 44.) The Court construes this filing as plaintiff's reply to defendants' opposition. In his own declaration, plaintiff states that he has no way to go online to obtain the policies and procedures referred to by defendants. (Id. at 2.) Plaintiff claims that the county does not allow inmates to receive non-legal mail from non officials. (Id.) Further, plaintiff asked the East Facility Ops Sgt. Tate, who verified plaintiff's pro se status, but plaintiff "wasn't granted access to the policies needed." (Id.)

B. Discussion

In his motions, plaintiff did not mention his inability to access the online policies and procedures for which defendants provided the link in response to plaintiff's timely request for production of documents in April 2026, so defendants did not have an opportunity to respond. Given plaintiff's housing in the county jail, as well as his claim that jail staff refused him access to view these policies and procedures, it does not appear that plaintiff can obtain access to these

[1] Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). In addition, it is helpful if pro se litigants provide the date the document is signed for purposes of applying the mailbox rule. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

relevant documents. It is unclear how voluminous these online documents are, and it is also unclear whether counsel for defendants could arrange for plaintiff to view the online policies and procedures or provide a thumb drive containing the documents that he might view on a jail tablet, if the Stanislaus County Jail provides inmates with tablets, or, in the alternative, might view on a supervised computer. It does appear that plaintiff was able to view footage from the June 2, 2025 incident because he references it in another filing (ECF No. 42 at 1), suggesting that such arrangements could be made. Therefore, the Court orders defendants to provide plaintiff with a copy of the written policies and procedures sought in his April 2026 request for production from the Stanislaus County Sheriff's Office regarding custodial and use of force issues, or, in the alternative, defendants may arrange for plaintiff to view such documents for an appropriate amount of time with paper and pen so that he can take notes. The Court appreciates defendants' willingness to search for and provide to plaintiff taser deployment related policies and logs from the June 2, 2025 incident, as such documents are relevant to plaintiff's claims herein. Plaintiff's belated requests for permission to subpoena additional documents, and his second motion to compel discovery, are untimely and are denied.

IV. PLAINTIFF'S MOTION TO AMEND

On July 8, 2026, plaintiff filed a document styled "Plaintiff's request for supplemental complaint." (ECF No. 42.) Plaintiff states that he wished to submit his last supplemental complaint due to the same violation of his Fourteenth Amendment rights on June 2, 2025. (Id. at 1.) Plaintiff claims that the footage shows Deputy M. Dumitru turning a blind eye to the alleged use of excessive force, and plaintiff wants to add this supplemental complaint to his "last intended add on." (Id.) In this third supplemental complaint, plaintiff also claims he wished to add damages to his supplemental complaint dated June 25, 2026. (ECF No. 43 at 5.)

Court records reflect that on June 29, 2026, plaintiff filed a second supplemental complaint dated June 25, 2026, despite the Court's June 17, 2026 order informing plaintiff that if he seeks leave to amend, he must file a motion to amend along with his proposed amended pleading. (ECF No. 34 at 2-3.)

///

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Thus, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. In other words, plaintiff is not permitted to proceed on piecemeal pleadings.

Accordingly, because plaintiff's second supplemental complaint was not accompanied by a motion to amend, the second supplemental complaint will be stricken. (ECF No. 36.) Plaintiff's motion to amend is denied without prejudice to renewal, accompanied by a proposed first amended complaint that includes all of his allegations against all of the individuals involved in the June 2, 2025 incident. While not entirely clear, it appears plaintiff may have identified during discovery additional individuals involved in the June 2, 2025 incident, and seeks leave to amend his complaint to name such individuals. It is unclear whether newly-identified Deputy M. Dumitru is the same deputy as the one sued as Officer Demetri. Plaintiff is advised that in his renewed motion to amend, he should explain why he seeks leave to amend, and separately address each individual he seeks to add. Plaintiff is granted thirty days to file a motion to amend and a proposed second amended complaint raising all his claims against all of the individuals he alleges were responsible in the June 2, 2025 incident. The July 8, 2026 supplemental complaint (ECF No. 43) is also stricken as it is incomplete.

## V. PLAINTIFF'S TRIAL-RELATED MOTIONS

On July 8, 2026, plaintiff filed a motion in limine. (ECF No. 41.) On July 20, 2026, plaintiff filed a motion to appoint expert witness (ECF No. 45), and a request for jury instruction and jury questionnaire (ECF No. 46). This case has not yet been set for trial. At this stage of the litigation process, motions related to trial issues, like the appointment of an independent expert

witness, are premature. See Leon v. Celaya, 2021 WL 2515219, at *2 (S.D. Cal. June 18, 2021) (collecting cases); Torbert v. Gore, 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016). Thus, plaintiff's motions are denied without prejudice. Once pretrial motions have been resolved, if appropriate, the Court will issue a further scheduling order. Plaintiff should refrain from filing trial-related motions until such further scheduling order issues.

In addition, if plaintiff considers renewing his motion for expert witness, he is cautioned that an expert appointed pursuant to Rule 706 does not serve as an advocate for either party. Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); Walker v. Woodford, 2008 WL 793413, at *1 (S.D. Cal. Mar. 24, 2008) ("[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.") (citation omitted). Rather, Rule 706 of the Federal Rules of Evidence authorizes the Court to appoint an independent expert, and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. See Torbert, 2016 WL 3460262, at *2 (citation omitted). There is no requirement that a prisoner present expert testimony to prevail on a constitutional claim under 42 U.S.C. § 1983. Medina v. Morris, 2014 WL 12686742, at *3 (S.D. Cal. Jan. 2014).

VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (ECF No. 35) is partially granted.
2. Within thirty days from the date of this order, defendants shall provide plaintiff with a copy of the written policies and procedures sought in his April 2026 request for production of various policies and procedures from the Stanislaus County Sheriff's Office regarding custodial and use of force issues, or, in the alternative, defendants may arrange for plaintiff to view such documents electronically for an appropriate amount of time with paper and pen so that he can take notes. In all other respects, the motion to compel is denied.

3. Plaintiff's second motion to compel discovery (ECF No. 37) is denied.
4. Plaintiff's motion in limine (ECF No. 41), motion to appoint expert witness (ECF No. 45), and request for jury instruction and jury questionnaire (ECF No. 46) are denied without prejudice.
5. Plaintiff's June 29, 2026 and July 8, 2026 "supplemental complaints" (ECF Nos. 36, 43) are stricken.
6. Plaintiff's motion to amend (ECF No. 42) is denied without prejudice.
7. Plaintiff is granted thirty days to renew his motion to amend, accompanied by a proposed second amended civil rights complaint that complies with the above order. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
8. Failure to file a second amended complaint in accordance with this order will result in this action proceeding on plaintiff's first amended complaint (ECF No. 8).
9. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner, along with a copy of his first amended complaint (ECF No. 8).

Dated: July 30, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/warr2242.mtc+