UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO WARREN, JR., Plaintiff, v. D. RIOS, et al., Defendants. | No. 2:25-cv-2242 TLN CSK P <br> ORDER |

Plaintiff is a former county jail inmate proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint alleging violations of his Fourteenth Amendment rights. Plaintiff's motion to amend and other motions are before the Court, which are addressed below.

I. PLAINTIFF'S ALLEGATIONS

In his first amended complaint, plaintiff alleges the following. On or about June 2, 2025, while plaintiff was housed in the west facility of the Stanislaus County Public Safety Center, defendants D. Rios, J. Perez, Ruiz, A. Guttierrez, and H. Delgadillo, all Stanislaus County Sheriff's Deputies, used excessive force against plaintiff in violation of his Fourteenth Amendment rights. (ECF No. 8.) Following officers' searches of other cells, plaintiff was asked to exit his cell. (Id. at 5.) Plaintiff exited, taking his laundry to exchange, and had two unpleasant verbal encounters with defendants D. Rios and J. Perez over plaintiff's laundry and bedding,

during which D. Rios threw plaintiff's bed sheets off the tier. (Id.) After plaintiff obtained new sheets, he returned to his cell and showed J. Perez the laundry plaintiff wished to exchange. J. Perez became hostile and snatched plaintiff's clean laundry from his hands. Plaintiff begged for the return of his laundry, at which point plaintiff was told to get in his cell and change his clothes. (Id.) Defendant J. Perez then told plaintiff to submit to a strip search. Plaintiff told J. Perez that he was degrading, humiliating and intimidating plaintiff. While plaintiff and J. Perez were arguing, D. Rios returned, and both officers demanded plaintiff cuff up. Plaintiff asked for a different officer to be called in to restore order and de-escalate the situation. The officers called for additional backup, during which plaintiff became irritated and started cussing. More officers arrived and Officer Demetri yelled, "I'll handle the situation," and plaintiff began to yell, "Someone else please cuff me!" (Id.) Before Officer Demetri was able to approach, defendant Ruiz shoved plaintiff against his cell door and hit plaintiff with a closed fist punch to plaintiff's face and head, multiple times, damaging plaintiff's glasses and religious headwear. (Id. at 5.) Defendants D. Rios and J. Perez joined in, also throwing punches to plaintiff's head and face area. (Id.) Plaintiff went to the ground. Defendants Ruiz, D. Rios, J. Perez and A. Gutierrez had plaintiff pinned to the ground and had control of plaintiff's body. Defendant Gutierrez ordered plaintiff to put his hands behind his back, and plaintiff responded that he could not move. (Id.) An unidentified deputy tasered plaintiff, who passed out.

During this incident, defendant H. Delgadillo just watched without trying to restore order. (Id.) As a result, plaintiff suffered chronic back pain, nerve damage to his ring finger, abnormal jaw functioning, head swelling, a gash in his left shoulder, sharp pain in the right side of his chest, emotional distress, mental anguish, and pain and suffering. (Id. at 6.) Plaintiff seeks money damages. (Id. at 7.)

## II. BACKGROUND

This action proceeds on plaintiff's first amended complaint. (ECF No. 8.) On October 22, 2025, plaintiff's claims against defendant A. Guttierrez were dismissed with leave to amend. (ECF No. 9.) On February 27, 2026, the Court issued its discovery and scheduling order; the discovery deadline was set for June 26, 2026, and the pretrial motions deadline was set for

September 18, 2026. (ECF No. 27.) Subsequently, plaintiff attempted to amend by filing supplemental complaints, all of which were stricken or denied. (ECF Nos. 31, 34, 36, 42, 43, 47.)

On July 31, 2026, the Court partially granted plaintiff's motion to compel discovery, denied plaintiff's remaining motions, and granted plaintiff leave to renew his motion to amend accompanied by a proposed second amended complaint. (ECF No. 47.)

On August 3, 2026, plaintiff filed a motion for a copy of his June 25, 2026 deposition transcript. (ECF No. 48.) On August 19, 2026, plaintiff filed a "motion to oppose qualified immunity," and renewed his motion to amend, accompanied by his second amended complaint. (ECF Nos. 49, 50, 51.) On August 24, 2026, plaintiff filed a motion to subpoena. (ECF No. 52.) On September 23, 2026, plaintiff filed a motion for appointment of counsel. (ECF No. 56.) On October 8, 2026, plaintiff filed a motion to stay this action. (ECF No. 57.) On November 6, 2026, plaintiff filed a notice of change of address confirming his transfer to state prison. (ECF No. 61.)

III. MOTION TO AMEND

On August 19, 2026, plaintiff filed a motion to amend, accompanied by his proposed second amended complaint. Fed. R. Civ. P. 15(a)(1). Plaintiff raises new allegations against previously named defendants A. Guttierrez and M. Demetri, and seeks to add a new defendant, Officer J. Rosales. Defendants did not file an opposition.

In his motion, plaintiff explains that he misspelled defendant M. Dumitru's name as "Demetri" in his prior pleadings. Following his review of video from the use of force incident, plaintiff now alleges that defendant M. Dumitru, like defendant Delgadillo, failed to protect plaintiff from the use of excessive force. In addition, plaintiff alleges that defendant A. Guttierrez tased plaintiff while he was prone on the ground and being held by three other sheriff's deputies, and defendant J. Rosales knee-kicked plaintiff in his body while he was on the ground. The Court has screened plaintiff's second amended complaint and finds that plaintiff's allegations against defendants M. Dumitru, A. Guttierrez and J. Rosales state potentially cognizable Fourteenth Amendment claims against defendants M. Dumitru, A. Guttierrez and J. Rosales, in addition to plaintiff's renewed claims against defendants D. Rios, J. Perez, Ruiz, and H. Delgadillo who have

already appeared in this action (ECF No. 25). Thus, plaintiff's motion to amend is granted. By separate order, the Court will order plaintiff to provide service of process documents for defendants M. Dumitru, A. Guttierrez and J. Rosales. Defendants D. Rios, J. Perez, Ruiz, and H. Delgadillo are relieved of their obligation to file an answer to the second amended complaint pending further order of Court.

IV. MOTION FOR DEPOSITION TRANSCRIPT

In this motion, plaintiff asks the Court to send him the transcript from his June 25, 2026 deposition. (ECF No. 48.) There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a deposition transcript. See 28 U.S.C. § 1915(d). See also Whittenberg v. Roll, 2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge). Moreover, under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor. Id. Thus, the court will not order the court reporter, defense counsel or the defendant to provide plaintiff with a copy of his deposition transcript without charge. Plaintiff must obtain the deposition transcript from the officer before whom the deposition was taken on June 25, 2026. See Boston v. Garcia, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript).

V. MOTION TO OPPOSE QUALIFIED IMMUNITY

In this motion, plaintiff states that defendants claim qualified immunity in their answer and argues they are not entitled to qualified immunity. (ECF No. 49.) "Qualified immunity is an affirmative defense that must be raised by a defendant." Groten v. Cal., 251 F.3d 844, 851 (9th Cir. 2001). Defendants have not filed a motion seeking qualified immunity and are permitted to raise this affirmative defense in their answer. Because qualified immunity is an affirmative defense that must be raised by defendants, plaintiff may not file a "motion to oppose qualified immunity" in order to have the Court address the issue. Instead, once a defendant files a motion seeking qualified immunity, then plaintiff may file an opposition to the motion. To the extent

plaintiff attempts to reply to defendants' answer, such reply is not permitted on this record. Rule 7(a) of the Federal Rules of Civil Procedure provides: "(a) Pleadings. Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; . . . (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a) (emphasis added). The Court has not ordered plaintiff to reply to defendants' answer, and therefore his filing is not proper. For these reasons, plaintiff's motion is denied.

VI. MOTION FOR SUBPOENA

On August 24, 2026, plaintiff filed another motion for subpoena. (ECF No. 52.) As plaintiff was informed in this Court's July 31, 2026 order, his motion for subpoena is untimely and is denied. (ECF No. 47 at 5.)

VII. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel. (ECF No. 56.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion is denied without prejudice.

///

## VIII. MOTION FOR STAY

On October 8, 2026, while plaintiff was housed in the Stanislaus County Public Safety Center, plaintiff filed a motion to stay this action due to retaliation against him allegedly based on this lawsuit. (ECF No. 57.) Subsequently, plaintiff filed a notice of his impending transfer to state prison, followed by his change of address to state prison. (ECF Nos. 60, 61.) Because plaintiff is no longer in county custody, his motion for stay is moot and is denied.

## IX. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 50) is granted. This action now proceeds on plaintiff's second amended complaint (ECF No. 51). Defendants D. Rios, J. Perez, Ruiz, and H. Delgadillo are relieved of their obligation to file an answer to the second amended complaint pending further order of Court.
2. Plaintiff's motion for deposition transcript (ECF No. 48) is denied.
3. Plaintiff's motion to oppose qualified immunity (ECF No. 49) is denied.
4. Plaintiff's motion for subpoena (ECF No. 52) is denied.
5. Plaintiff's motion for appointment of counsel (ECF No. 56) is denied without prejudice.
6. Plaintiff's motion for stay (ECF No. 57) is denied without prejudice.

Dated: November 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/warr2242.mta.2d+